
Thomas J. McLaughlin (pro hac vice)
Eric S. Lent (EL-0144)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000

Brian S. Fraser (BF-0114)
Neil S. Binder (NB-0959)
RICHARDS KIBBE & ORBE LLP
One World Financial Center, 29th Floor
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Defendant*
*The Boeing Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SEPTEMBER 11, 2001 LITIGATION | No. 21 MC 101 (AKH) |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, WTC RETAIL LLC AND THE PORT AUTHORITY TRANS-HUDSON CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC., AMR CORPORATION, UAL CORPORATION, UNITED AIRLINES, MASSACHUSETTS PORT AUTHORITY, THE BOEING COMPANY, COLGAN AIR INC., US AIRWAYS GROUP, INC., CONTINENTAL AIRLINES, INC., MIDWAY AIRLINES, HUNTLEIGH USA CORPORATION, ICTS INTERNATIONAL, N.V., BURNES INTERNATIONAL SECURITY SERVICES CORPORATION, BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, PINKERTON'S INC., and SECURITAS AB,<br><br>    Defendants. | Civ. Action No. 08 Civ. 3700<br><br><br>**DEFENDANT THE BOEING COMPANY'S ANSWER TO THE PORT AUTHORITY'S COMPLAINT** |

Defendant The Boeing Company ("Boeing") submits the following answer to the complaint filed by The Port Authority of New York and New Jersey, WTC Retail LLC, and the Port Authority Trans-Hudson Corporation (referred to collectively herein as "The Port Authority"), dated April 16, 2008 (the "Complaint"):

-1-

Boeing objects to the unnumbered opening paragraphs of the Complaint, which improperly characterize the Complaint as being in compliance with the Court's March 18, 2008 Order permitting The Port Authority to re-cast their cross-claims, pending in the 21 MC 97 litigation, as direct claims in the 21 MC 101 litigation under a new civil action number. The present Complaint fails to comply with that Order because it does not "solely re-cast" The Port Authority's cross-claims herein as the Court's Order directs.

## THE PARTIES

1. Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 through 7, and therefore denies them.

2. Boeing admits the allegations contained in paragraph 8.

3. Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 8 through 16, and therefore denies them

## JURISDICTION AND VENUE

4. The allegations contained in paragraphs 17 and 18 are legal conclusions to which no answer is required and none is given.

## CLAIM ONE FOR NEGLIGENCE
## AGAINST ALL DEFENDANTS
## EXCEPT BOEING

5. Answering paragraph 19, Boeing herein incorporates by reference its answers to the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

6. To the extent the allegations contained in paragraphs 19 through 32 are directed at other defendants and/or are legal conclusions, no response is required from Boeing. If a response is required, Boeing admits that American Airlines Flight 11 departed from Logan Airport on September 11, 2001, and was hijacked and crashed into One World Trade Center. For any remaining allegations, Boeing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. To the extent that the remaining allegations are directed against Boeing, Boeing denies them.

-2-

## CLAIM TWO FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING AND
## THE SECURITY COMPANY DEFENDANTS

7. Answering paragraph 33, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

8. To the extent the allegations contained in paragraphs 34 through 38 are directed at other defendants and/or are legal conclusions, no response is required from Boeing. If a response is required, Boeing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

## CLAIM THREE BASED ON *RES IPSA LOQUITUR*
## AGAINST ALL DEFENDANTS EXCEPT BOEING

9. Answering paragraph 39, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

10. The allegations contained in paragraph 40 through 42 are directed at other defendants and/or are legal conclusions and no response is required from Boeing. If a response is required, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## CLAIM FOUR BASED ON STRICT
## LIABILITY AGAINST BOEING,
## AMERICAN AND AMR

11. Answering paragraph 43, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 42 as though fully set forth herein.

12. Answering paragraph 44, Boeing admits that it manufactured the aircraft operated on September 11, 2001 as American Airlines Flight 11 (the "subject aircraft") except for those components, parts, and systems of the subject aircraft manufactured by others, and the parts that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others. To the extent that the remaining allegations are conclusions of law, no response is required and none is given. To the extent the remaining allegations are directed at other defendants, no response is required from Boeing or, if a response is required, Boeing is

without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that the remaining allegations are directed at Boeing and a response is required, Boeing denies them.

13. Answering paragraph 45, Boeing admits that it manufactured the subject aircraft according to design specifications, except for those components, parts, and systems of the subject aircraft manufactured by others, and the parts that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others. To the extent that the remaining allegations are conclusions of law, no response is required and none is given. To the extent the remaining allegations are directed at other defendants, no response is required from Boeing or, if a response is required from Boeing, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that the remaining allegations are directed at Boeing and a response is required, Boeing denies them.

14. To the extent that the allegations contained in paragraphs 46 through 48 are conclusions of law, no response is required and none is given. To the extent the remaining allegations are directed at other defendants or involve other parties, no response is required from Boeing or, if a response is required from Boeing, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that the remaining allegations are directed at Boeing and a response is required, Boeing denies them.

### CLAIM FIVE FOR NEGLIGENCE DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

15. Answering paragraph 49, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 48 as though fully set forth herein.

16. Answering paragraph 50, Boeing admits that it is in the business of designing and manufacturing transport category aircraft and that it manufactured the subject aircraft according

to design specifications, except for those components, parts, and systems of the subject aircraft manufactured by others, and the parts that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others. To the extent that the remaining allegations are conclusions of law, no response is required and none is given. To the extent the remaining allegations are directed at other defendants, no response is required from Boeing or, if a response is required, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that the remaining allegations are directed at Boeing and a response is required, Boeing denies them.

17.    To the extent that the allegations contained in paragraphs 51 through 54 are conclusions of law, no response is required and none is given. To the extent the remaining allegations are directed at other defendants or involve other parties, no response is required from Boeing or, if a response is required from Boeing, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that the remaining allegations are directed at Boeing and a response is required, Boeing denies them.

## CLAIM FOR CONTRIBUTION AGAINST ALL DEFENDANTS

18.    Answering paragraph 55, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 54 as though fully set forth herein.

19.    The allegations contained in paragraph 56 are conclusions of law, and no response is required and none is given. To the extent the remaining allegations are directed at other defendants or involve other parties, no response is required from Boeing or, if a response is required from Boeing, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that any allegations are directed at Boeing and a response is required, Boeing denies them.

91004-1500/LEGAL14203299.1

## CLAIM FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

20. Answering paragraph 57, Boeing herein incorporates by references its answers to the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

21. The allegations contained in paragraphs 58 through 60 are conclusions of law, and no response is required and none is given. To the extent the remaining allegations are directed at other defendants or involve other parties, no response is required from Boeing or, if a response is required from Boeing, Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that any allegations are directed at Boeing and a response is required, Boeing denies them.

## ALL COUNTS

22. Any allegation in the Complaint not expressly responded to above is denied.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, Boeing asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent the Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

25. The Port Authority's alleged damages were caused by the unforeseeable, intervening, and/or superseding acts of third parties, for which Boeing is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

26. The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301, et seq. now re-codified and incorporated into 49 U.S.C. § 40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that airplane manufacturers must follow for aviation safety and security, and these federal standards preempt state law design standards which plaintiffs allege that Boeing violated. Boeing complied with these federal standards, and the subject airplanes were certified as airworthy by the Federal Aviation Administration, thus precluding a finding of liability against Boeing.

## FIFTH AFFIRMATIVE DEFENSE

27. Boeing hereby places at issue the negligence, fault and responsibility of all persons and entities, including but not limited to The Port Authority and other plaintiffs in the 21 MC 101 action, who may have contributed in any degree to the injuries, damages and/or losses alleged to have been sustained by plaintiffs, in proportion to each person's degree of negligence, fault or responsibility. Judgment, if any, against Boeing should be reduced to an amount that represents its proportionate share of plaintiffs' total damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

28. The Port Authority's recovery must be diminished, in whole or in part, as a result of its own negligence and/or other culpable conduct. *See* N.Y.C.P.L.R. § 1411.

## SEVENTH AFFIRMATIVE DEFENSE

29. To the extent that The Port Authority's claims are based on common law or statutory law of the individual states requiring airplane manufacturers to design airplanes to standards different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now re-codified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto, they are barred by Public Law 107-42, "The Air Transportation

Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

### EIGHTH AFFIRMATIVE DEFENSE

30. Recovery by The Port Authority, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiffs in accordance with the applicable state law as may be derived by this Court from New York law, including its choice of law principles.

### NINTH AFFIRMATIVE DEFENSE

31. Boeing's liability, if any, must be limited to its proportionate share in accordance with the applicable state law as may be derived by this Court from New York law, including its choice of law principles.

### TENTH AFFIRMATIVE DEFENSE

32. If The Port Authority releases or enters into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for The Port Authority's damages, the amount recoverable against Boeing must be reduced in accordance with the applicable law as may be derived by this Court from New York law, including its choice of law principles.

### ELEVENTH AFFIRMATIVE DEFENSE

33. The Port Authority has failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

34. Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the amount of damages recoverable from Boeing shall not be in an amount greater than the limits of liability insurance coverage maintained by Boeing.

### THIRTEENTH AFFIRMATIVE DEFENSE

35. The Port Authority has failed to join all necessary and indispensable parties.

91004-1500/LEGAL14203299.1

## FOURTEENTH AFFIRMATIVE DEFENSE

36. Damages, compensatory and punitive, may be barred or limited by applicable state law as may be derived by this Court from New York law, including its choice of law principles.

## FIFTEENTH AFFIRMATIVE DEFENSE

37. The Port Authority's claims against Boeing may be barred by the anti-subrogation rule.

## SIXTEENTH AFFIRMATIVE DEFENSE

38. The Port Authority's claims may be barred by applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

39. The damages alleged in the Complaint occurred, in whole or in part, as a result of the intentional, knowing, or negligent misuse of the subject airplanes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

40. To the extent the Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, by the absence of privity between The Port Authority and Boeing and/or by lack of proper notice to Boeing.

## NINETEENTH AFFIRMATIVE DEFENSE

41. To the extent the Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, because Boeing did not make any warranties to The Port Authority with respect to the subject airplanes or any of their component parts.

## TWENTIETH AFFIRMATIVE DEFENSE

42. To the extent the Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, because The Port Authority is not a third-party beneficiary of any warranties that Boeing may have made.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

43. To the extent the Complaint alleges claims based on an alleged breach of warranty, plaintiffs' right to recovery, if any, are limited to or precluded by the warranty provisions in Boeing's contract of sale for the product.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

44. If The Port Authority was damaged by products originally sold by Boeing, that product was substantially altered or misused by person and/or entities other than Boeing and over whom Boeing had no control or right of control, without Boeing's knowledge, consent or advice, following the date of initial manufacture and the sale of such products, and such alteration or misuse proximately caused the events in the Complaint and the resulting damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

45. The design of the subject airplanes, and each component thereof that was installed at the time of delivery, was consistent with the "state of the art" at the time of their design and manufacture.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

46. The Port Authority's claims are barred by the state secrets doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

47. The Port Authority's claims must be dismissed to the extent that relevant evidence required by Boeing to mount its defense is prohibited from disclosure by 14 CFR § 1520 *et seq.* as Sensitive Security Information.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

48. The Port Authority's alleged damages were caused by an act of war.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

49. The Port Authority's alleged damages were remote and not a reasonably foreseeable consequence of any alleged conducted by Boeing; therefore, Boeing owed no duty to plaintiffs as a matter of law and cannot be held liable for their alleged damages.

91004-1500/LEGAL14203299.1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

50. The Complaint must be dismissed because the court lacks subject matter jurisdiction over this case because it presents a non-justiciable political question.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

51. The Port Authority is barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

### THIRTIETH AFFIRMATIVE DEFENSE

52. The Port Authority is barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

53. To the extent The Port Authority's alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, Boeing cannot be held liable for The Port Authority's alleged damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

54. The Port Authority is barred from recovery of alleged damages in excess of the lesser of (a) the cost of restoring the alleged damaged or destroyed property to its original condition, or (b) the diminution in market value caused by Boeing's and/or any other defendant's alleged negligence.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

55. The Port Authority's Complaint should be dismissed to the extent that it is based upon alleged rights of subrogation that are invalid or have been waived under applicable law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

56. The Port Authority is barred from recovery of alleged damages to the extent those damages are inflated, duplicative or otherwise improper.

-12-

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

57. The Port Authority's alleged damages were not proximately caused by any negligence or culpable conduct on the part of Boeing, their agents, or employees.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

58. The Port Authority may lack capacity and/or standing to maintain this action.


Boeing hereby reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery. Nothing contained herein shall be deemed to impose upon Boeing any burden of proof not imposed by applicable substantive law.

91004-1500/LEGAL14203299.1

WHEREFORE, Boeing demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief in its favor which this Court deems just and proper under the circumstances.

Dated: May 12, 2008.

**PERKINS COIE LLP**

By _____
Thomas J. McLaughlin (pro hac vice)
Eric S. Lent (EL-0144)
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

-and-

**RICHARDS KIBBE & ORBE LLP**
Brian S. Fraser (BF-0114)
Neil S. Binder (NB-0959)
One World Financial Center, 29th Floor
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Defendant The Boeing Company

CERTIFICATE OF SERVICE

    I, Eric S. Lent, certify that on May 12, 2008, a copy of DEFENDANT THE BOEING COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT was served upon the below-listed parties by electronic mail, with a copy by U.S. mail, postage pre-paid, in accordance with the March 2005 Order Creating Property Damage Track and Reorganizing Committees in 21 MC 97 and 21 MC 101:

**PERSONAL INJURY AND WRONGFUL DEATH PLAINTIFFS' LIAISON COUNSEL**

Marc Moller, Esq.
KREINDLER & KREINDLER, LLP
100 Park Avenue
New York, NY 10017
mmoller@kreindler.com

**PROPERTY DAMAGE AND BUSINESS LOSS PLAINTIFFS' LIAISON COUNSEL**

Robert A. Clifford, Esq.
CLIFFORD LAW OFFICES
120 North LaSalle Street
Chicago, IL 60602
rac@cliffordlaw.com; tst@cliffordlaw.com

**ATTORNEYS FOR INTERVENOR THE UNITED STATES OF AMERICA**

Sarah S. Normand, Esq.
Beth Goldman, Esq.
Assistant U.S. Attorneys
Southern District of New York
U.S. DEPARTMENT OF JUSTICE
86 Chambers Street
New York, NY 10007
Sarah.Normand@usdoj.gov;
Beth.Goldman@usdoj.gov

**WTC7 DEFENDANTS' LIAISON COUNSEL**

Beth D. Jacob, Esq.
SCHIFF HARDIN & WAITE
623 Fifth Avenue
New York, NY 10022
wtc7defendants@schiffhardin.com

**AVIATION DEFENDANTS' LIAISON COUNSEL**

Desmond T. Barry, Jr., Esq.
Christopher Christensen, Esq.
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
dbarry@condonlaw.com

**COUNSEL TO WTCP CROSS-CLAIM PLAINTIFFS; GROUND DEFENDANTS' LIAISON COUNSEL**

Richard A. Williamson, Esq.
M. Bradford Stein, Esq.
Jason T. Cohen, Esq.
FLEMMING, ZULACK & WILLIAMSON, LLP
One Liberty Plaza – 35th Floor
New York, NY 10006
21MC101@fzw.com

By: /s/ Eric S. Lent
Eric S. Lent