UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE: SEPTEMBER 11, 2001 LITIGATION

-------------------------------------------------------------X
THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, WTC RETAIL LLC AND THE
PORT AUTHORITY TRANS-HUDSON
CORPORATION,

     Plaintiffs,

         v.

AMERICAN AIRLINES, INC., AMR
CORPORATION, UAL CORPORATION,
UNITED AIRLINES, MASSACHUSETTS
PORT AUTHORITY, THE BOEING COMPANY,
COLGAN AIR INC., US AIRWAYS GROUP,
INC., US AIRWAYS, INC., DELTA AIRLINES,
INC., CONTINENTAL AIRLINES, INC., MIDWAY
AIRLINES, HUNTLEIGH USA CORPORATION,
ICTS INTERNATIONAL, N.V., BURNS
INTERNATIONAL SECURITY SERVICES
CORPORATION, BURNS INTERNATIONAL
SERVICES CORPORATION, PINKERTON'S
INC., AND SECURITAS AB,

     Defendants.

-------------------------------------------------------------X

21 MC 101 (AKH)

(This Case Relates to:
 08 Civ. 3700)

## ANSWER OF DEFENDANTS UNITED AIR LINES, INC. and UAL CORPORATION TO PLAINTIFFS' COMPLAINT

       The defendants, UNITED AIR LINES, INC. and UAL CORPORATION (hereinafter "UNITED" and "UAL"), object to the Port Authority of New York and New Jersey, WTC Retail LLC and Port Authority Trans-Hudson Corporations' (hereinafter "Plaintiffs") Complaint to the extent it does not comply with the Order of the Honorable

Alvin K. Hellerstein, dated March 18, 2008, which transferred Plaintiffs' cross-claims from the 21 MC 97 docket to the 21 MC 101 docket and granted Plaintiffs leave to amend their cross-claims "solely to recast them as direct claims."  Subject to and without waiving such objection, UNITED and UAL, upon information and belief set forth the following as and for their Answer to  Plaintiffs' Complaint (hereinafter "Complaint"), subject to the prohibition against disclosure of any Sensitive Security Information pursuant to 49 C.F.R. 1520.3, 49 C.F.R. 1520.4 and 49 U.S.C. §40119:

## THE PARTIES

1.      Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "1" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

2.      Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

3.      Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "3" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

3. [sic] Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "3" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

4.      Admit the allegations contained in paragraph "4" of the Complaint.

5.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "5" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

6.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "6" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

7.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "7" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

8.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

9.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "9" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

10.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "10" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

11.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

12.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

13.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "13" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

14.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "14" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

15.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "15" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

16.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "16" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

**JURISDICTION AND VENUE**

17.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "17" of the Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that Public Law 107-42, The Air Transportation Safety and Stabilization Act of 2001 ("ATSSSA") established that the United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for claims resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

4

18.    Admit the allegations contained in paragraph "18" of the Complaint.

## AS AND FOR AN ANSWER TO CLAIM ONE FOR NEGLIGENCE
## AGAINST ALL DEFENDANTS EXCEPT BOEING

19.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "18" inclusive, with the same force and effect as though more fully set forth at length herein.

20.    Deny each and every allegation contained in paragraph "20" of the Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was required to operate its flights in accordance with Federal Aviation Laws and Regulations and to implement security plans and/or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

21.    Paragraph "21" was omitted from the Complaint.  No response is required.

22.    Paragraph "22" was omitted from the Complaint.  No response is required.

23.    Deny each and every allegation contained in paragraph "23" of the Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized by the Department of Transportation and Federal Aviation Administration to operate its flights, and in accordance with Federal Aviation Laws and Regulations to implement security plans and/or procedures required by same.

24.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "24" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

25.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "25" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

26.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "26" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

27.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "27" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

28.     Deny each and every allegation contained in paragraph "28" of the Complaint and respectfully refer all matters of law set forth therein to the Court except admit that UNITED had was required to operate its flights in accordance with Federal Aviation Laws and Regulations and to implement security plans and procedures required by same.   UNITED further admits that it had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Boston Logan International Airport, Boston, Massachusetts on September 11, 2001.

29.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "29" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

30.     Deny each and every allegation contained in paragraph "30" of the Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was required to operate its flights in accordance with Federal Aviation

Administration Laws and Regulations and to implement security plans and/or procedures required by same.

31.    Deny each and every allegation contained in paragraph "31" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

32.    Deny each and every allegation contained in paragraph "32" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

### AS AND FOR AN ANSWER TO CLAIM TWO
### FOR NEGLIGENCE AGAINST ALL DEFENDANTS
### EXCEPT BOEING AND THE SECURITY COMPANY DEFENDANTS

33.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "32" inclusive, with the same force and effect as though more fully set forth at length herein.

34.    Deny each and every allegation contained in paragraph "34" of the Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was required to operate its flights in accordance with Federal Aviation Administration Laws and Regulations and to implement security plans and/or procedures required by same.

35.    Deny each and every allegation contained in paragraph "35" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

36.    Deny each and every allegation contained in paragraph "36" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

37.    Deny each and every allegation contained in paragraph "37" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

38.    Deny each and every allegation contained in paragraph "38" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR AN ANSWER TO CLAIM THREE BASED ON
## *RES IPSA LOQUITUR* AGAINST ALL DEFENDANTS EXCEPT BOEING

39.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "38" inclusive, with the same force and effect as though more fully set forth at length herein.

40.    Deny each and every allegation contained in paragraph "40" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

41.    Deny each and every allegation contained in paragraph "41" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

42.    Deny each and every allegation contained in paragraph "42" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR AN ANSWER TO CLAIM FOUR BASED ON
## STRICT LIABILITY AGAINST BOEING, AMERICAN AND AMR

43.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "42" inclusive, with the same force and effect as though more fully set forth at length herein.

44.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "44" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

45.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "45" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

46.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "46" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

47.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "47" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

48.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "48" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

**AS AND FOR AN ANSWER TO CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR**

49.     Defendants UNITED and UAL repeat, reiterate and realleges each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "48" inclusive, with the same force and effect as though more fully set forth at length herein.

50.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "50" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

51.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "51" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

52.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "52" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

53.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "53" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

54.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "54" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR AN ANSWER TO CLAIM
## FOR CONTRIBUTION AGAINST ALL DEFENDANTS

55.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "54" inclusive, with the same force and effect as though more fully set forth at length herein.

56.    Deny each and every allegation contained in paragraph "56" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR AN ANSWER TO CLAIM
## FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

57.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of the Complaint, designated as paragraphs "1" through "56" inclusive, with the same force and effect as though more fully set forth at length herein.

58.    Deny each and every allegation contained in paragraph "58" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

59.    Deny each and every allegation contained in paragraph "59" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

60.    Deny each and every allegation contained in paragraph "60" of the Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR A FIRST DEFENSE

61.    The Complaint fails to allege facts sufficient to state actionable causes of action against UNITED and UAL.

## AS AND FOR A SECOND DEFENSE

62.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001, and limits the amount of total damages and/or settlement funds recoverable from UNITED and UAL to the amount of their liability insurance coverage.

63.    To the extent that Plaintiffs assert a cause of action other than that provided for by the aforestated legislation, such cause of action must be dismissed as a matter of law.

## AS AND FOR A THIRD DEFENSE

64.    Plaintiffs' alleged damages were caused by the unforeseeable, intervening and/or superseding criminal acts of third parties, who were not under the care, custody, control, or supervision of UNITED and UAL and therefore, UNITED and UAL cannot be held liable for said damages.

### AS AND FOR A FOURTH DEFENSE

65.    That the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. Section 1301, et. seq., now recodified and incorporated into 49 U.S.C. 40101, et. seq., together with the amendments to same and the regulations promulgated thereunder, establish the uniform and exclusive standards that air carriers must follow with respect to aviation safety and security and such federal standards implicitly preempt any State common law or statutory standards purporting to govern same.

66.    UNITED and UAL's compliance with the aforesaid federal standards precludes a finding of liability against them.

### AS AND FOR A FIFTH DEFENSE

67.    That if any of the Plaintiffs' claims relate to rates, routes or services as set forth in the 1978 Airline Deregulation Act, formerly codified as 49 U.S.C. 1305, now recodified and incorporated into 49 U.S.C. 41713(b)(1), then Plaintiffs' right to assert such claims are preempted by same.

### AS AND FOR A SIXTH DEFENSE

68.    That if the Plaintiffs intend to assert that common law or statutory law of the individual States requires an air carrier to implement security procedures that are different from the obligations imposed by the aforestated federal statutes and regulations, that claim must be dismissed since it would constitute an unconstitutional burden on interstate air commerce.

## AS AND FOR A SEVENTH DEFENSE

69.    These defendants' role in implementing federal security measures was limited.  If other parties and/or entities responsible for other component parts of that system failed to identify, assess appropriately or communicate the information and direction needed to prevent the hijacking of Flight 11 by terrorists who planned to use it as a missile, then any liability finding against these defendants would be precluded as a matter of law and fact.

## AS AND FOR AN EIGHTH DEFENSE

70.    To the extent that Plaintiffs are entitled to claim any damages under New York law, such damages are not recoverable in accordance with New York law from defendants that have provided minimal security measures in response to reasonably foreseeable threats.  Since the security measures implemented by the defendants in accordance with federal law far exceeded the minimal measures required of private parties under New York law, Plaintiffs are precluded from any recovery whatsoever.

## AS AND FOR A NINTH DEFENSE

71.    That the Plaintiffs' cause of action based on *Res Ipsa Loquitor* fails to state a claim upon which relief can be granted.

## AS AND FOR A TENTH DEFENSE

72.    Since UNITED and UAL were not in actual possession of the aircraft at the time of the crash, UNITED's and UAL's liability, if any, is limited pursuant to 49 U.S.C.A. §44112 (2002).

## AS AND FOR AN ELEVENTH DEFENSE

73.    That the liability of UNITED and UAL is limited in that it cannot exceed that which is set forth in any stipulations, orders, and/or judgments entered by the United States Bankruptcy Court for the Northern District of Illinois.  The provisions of any stipulations, orders, and/or judgments entered by the Bankruptcy Court are binding on the parties to this litigation.

## AS AND FOR A TWELFTH DEFENSE

74.    That the Complaint should be dismissed on the ground that no action may be maintained against UNITED and/or UAL because of the Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, *In re: UAL Corporation et. al.,* Case No. 02B48191 (Bankr. N.D. Ill. Jan. 20, 2006), and the provisions therein, including specifically Section X.B., Discharge of Claims and Termination of Interests, which permanently enjoined and discharged all claims against UNITED and UAL as a reorganized debtor, except to the extent that certain plaintiffs asserting a claim are subject to the Stipulation and Agreed Order Concerning the Debtor's Objection to September 11, 2001 Alleged Property Damage Claims for Insufficient Documentation, dated June 17, 2005, and those certain plaintiffs' recovery is limited to available insurance proceeds.

## AS AND FOR A THIRTEENTH DEFENSE

75.    The Plaintiffs lack capacity and/or standing to maintain the Complaint.

## AS AND FOR A FOURTEENTH DEFENSE

76.    The Plaintiffs' alleged damages, if any, were remote and not a reasonably foreseeable consequence of any alleged conduct by UNITED and UAL and

as such, UNITED and UAL owed no duty to Plaintiffs as a matter of law and cannot be held liable for the Plaintiffs' alleged damages.

### AS AND FOR A FIFTEENTH DEFENSE

77.    The Complaint and all causes of action therein should be dismissed on the ground that the Plaintiffs have failed to join all necessary and indispensable parties.

### AS AND FOR A SIXTEENTH DEFENSE

78.    This Court lacks jurisdiction over defendants UNITED and UAL due to the improper service of process herein.

### AS AND FOR A SEVENTEENTH DEFENSE

79.    The alleged damages complained of were caused by the negligence and/or intentional conduct of parties other than UNITED and UAL and for whom UNITED and UAL are not responsible; therefore, UNITED and UAL are not liable to the Plaintiffs or, in the alternative, UNITED and UAL's liability, if any, to the Plaintiffs should be reduced in accordance with applicable law.

### AS AND FOR AN EIGHTEENTH DEFENSE

80.    UNITED and UAL are not liable to the Plaintiffs because UNITED and UAL complied with all applicable government regulations in effect at the time of the events described in the Complaint.

### AS AND FOR A NINETEENTH DEFENSE

81.    The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation. UNITED and UAL's implementation of the federally mandated aviation security

measures assisted the federal government in a police and/or national defense function.  As such, UNITED and UAL are immune from suit and are not liable for the claims herein.

### AS AND FOR A TWENTIETH DEFENSE

82.    The Plaintiffs' claims are barred by the applicable Statute of Limitations.

### AS AND FOR A TWENTY-FIRST DEFENSE

83.    Plaintiffs' alleged damages were caused by an act of war.

### AS AND FOR A TWENTY-SECOND DEFENSE

84.    Plaintiffs' claims are barred by the state secrets doctrine.

### AS AND FOR A TWENTY-THIRD DEFENSE

85.    Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by UNITED and UAL to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

### AS AND FOR A TWENTY-FOURTH DEFENSE

86.    UNITED and UAL owed no legal duty to the Plaintiffs.

### AS AND FOR A TWENTY-FIFTH DEFENSE

87.    Plaintiffs are barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

### AS AND FOR A TWENTY-SIXTH DEFENSE

88.    To the extent Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of law, UNITED and UAL cannot be held liable for plaintiffs' alleged damages.

### AS AND FOR A TWENTY-SEVENTH DEFENSE

89.    Plaintiffs are barred from recovery of alleged damages in excess of the lesser of (a) the cost of restoring the alleged damaged or destroyed property to its original condition, or (b) the diminution in market value caused by UNITED and UAL's alleged negligence.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

90.    Plaintiffs are property owners and business owners who had no relationship with UNITED and UAL, were in a far superior position than were UNITED and UAL to guard against loss to Plaintiffs particular property and businesses through use of insurance, and to whom, as a matter of sound public policy UNITED and UAL owed no duty under the applicable law.

### AS AND FOR A TWENTY-NINTH DEFENSE

91.    Public Law 107-42, "The Air Transportation Safety And Stabilization Act," provides an exclusive federal cause of action for all claims arising from the terrorist related aircraft crashes of September 11, 2001, and limits the amount of total damages and/or settlement funds recoverable from UNITED and UAL to the limit of their liability insurance coverage, which limit is partially exhausted based upon UNITED and UAL's contribution to the court approved settlements of wrongful death and personal injury plaintiffs' claims in the Flight 175 Master Action (21MC97) and which limit may become further exhausted by additional settlements on behalf of UNITED and/or UAL.

### AS AND FOR A THIRTIETH DEFENSE

92.    To the extent that Plaintiffs allege a cause of action other than that provided for by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act", said cause of action must be dismissed as a matter of law.

### AS AND FOR A THIRTY-FIRST DEFENSE

93.    UNITED and UAL are not liable for damages not directly and proximately caused by the negligence or other breach of duty on the part of UNITED and UAL.

### AS AND FOR A THIRTY-SECOND DEFENSE

94.    UNITED and UAL are not liable for damages caused through the fault of any other parties or non-parties, including damages caused by terrorists.

### AS AND FOR A THIRTY-THIRD DEFENSE

95.    To the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act", the intent of Congress enacting same, and the provisions and intent of Article 16 of New York Civil Practice Law and Rules, any liability of UNITED and UAL that might be for any loss must be limited to the equitable share of their fault, if any, to be determined in accordance with the relative culpability of each and every party or non-party, including the terrorists, that caused or contributed to the damages alleged by Plaintiffs.

### AS AND FOR A THIRTY-FOURTH DEFENSE

96.    To the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the

provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act", Section 4545(c) of the New York Civil Practice Law and Rules is applicable and requires that to the extent that Plaintiffs seek to recover for economic loss for past and/or future cost or expenses that were or will with reasonable certainty be replaced or indemnified, in whole or in part, by collateral sources, including insurance, the court shall reduce the amount of any award recovered by the values of said collateral sources.

### AS AND FOR A THIRTY-FIFTH DEFENSE

97.    Plaintiffs are barred from recovery of the damages alleged to the extent that plaintiffs failed to mitigate their losses.

### AS AND FOR A THIRTY-SIXTH DEFENSE

98.    Plaintiffs are barred from recovery of alleged damages for business interruption or other economic loss based upon business interruption or other economic loss which was not caused by physical damage to the plaintiffs' physical property.

### AS AND FOR A THIRTY-SEVENTH DEFENSE

99.    Plaintiffs are barred from recovery for alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke or water, to the extent that the allegedly damaged property or improvements were not struck by Flight 11 on September 11, 2001.

### AS AND FOR A THIRTY-EIGHTH DEFENSE

100.    Plaintiffs are barred from recovery for alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke or water, to the extent

that the allegedly damaged property or improvements were not immediately adjacent to property struck by Flight 11 on September 11, 2001.

## AS AND FOR A THIRTY-NINTH DEFENSE

101.    Plaintiffs are barred from recovery of damages based upon measures of damages inapplicable in and inappropriate to this action, willfully and/or carelessly exaggerated, and/or duplicative.

## AS AND FOR A FORTIETH DEFENSE

102.    To the extent Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And Stabilization Act", Section 15-108 of New York's General Obligations Law is applicable and requires that if the Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for Plaintiffs' damages, the damages, if any, allegedly recoverable from UNITED and UAL must be reduced by the greater of the amount stipulated by the release or the covenant, the amount of the consideration paid for it, or the amount of any released tortfeasor's equitable share of recoverable damages.

## AS AND FOR A FORTY-FIRST DEFENSE

103.    UNITED and UAL reserve the right to add defenses and/or affirmative defenses as necessary based on information obtained during investigation or discovery concerning plaintiffs' claims.

## AS AND FOR A FORTY-SECOND DEFENSE

104.    That to the extent that any of the separate defenses to the allegations of the Complaint asserted herein on behalf of UNITED and UAL are deemed affirmative defenses, they are specifically realleged, reiterated and incorporated herein as affirmative defenses.

## NOTICE OF APPLICATION OF FOREIGN LAW

105.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, UNITED and UAL hereby give notice that issues concerning the law of a foreign country may be raised in this action.

**WHEREFORE**, UNITED and UAL demand judgment dismissing the Complaint together with costs and disbursements incurred in defending same or alternatively, demand that a jury apportion the respective culpability of all parties and non-parties and that the Court and/or jury limit and/or reduce the damages recoverable in accordance with the substantive law set forth herein.


Dated:  New York, New York
        May 12, 2008

                                QUIRK AND BAKALOR, P.C.

                                By:_____
                                    JEFFREY J. ELLIS (JJE-7796)
                                A Member of the Firm
                                Attorneys for Defendants
                                UNITED AIR LINES, INC. and UAL CORP.
                                845 Third Avenue, 15th Floor
                                New York, New York  10022
                                Telephone: (212) 319-1000
                                Facsimile: (212)319-1065

and

MAYER BROWN LLP
Michael Rowe Feagley, Esq.
A Member of the Firm
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 701-7065
Facsimile:  (312) 706-8623

# SERVICE LIST

***Plaintiffs' Counsel***

The Office of Milton H. Pacther, Esq.
225 Park Avenue South
New York, New York 10003
Telephone: (212) 435-3437
Facsimile: (212) 435-3569

Attention: Keith E. Harris, Esq.

***Ground Defendants' Liaison Counsel***

Flemming, Zulack & Williamson, LLP
One Liberty Plaza
New York, New York 10006-1404
Telephone: (212) 412-9500
Facsimile: (212) 964-9200

Attention:  Richard A. Williamson, Esq.
Brad Stein, Esq.

***7 WTC Ground Defendants' Liaison Counsel***

Schiff Hardin LLP
623 Fifth Avenue, 28th Floor
New York, New York  10022
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

Attention:  Beth D. Jacobs, Esq.

***Counsel for the Transportation Security Administration, Intervenor***

United States Department of Justice
United States Attorney, Southern District of New York
86 Chambers Street
New York, New York  10007
Telephone: (212) 637-2732
Facsimile: (212) 637-2730

Attention:  AUSA, Beth Goldman, Esq.

***Aviation Defendants' Counsel (via email)***

***Aviation Defendants' Liaison Counsel***

Condon & Forsyth LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
 Facsimile: (212) 370-4453

Attention:  Desmond T. Barry, Esq.

***PD/BL Plaintiffs' Liaison Counsel***

Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, Illinois  60602
Telephone: (312) 899-9090
Facsimile: (312) 251-1160

Attention:  Robert A. Clifford, Esq.

***WD/PI Plaintiffs' Liaison Counsel***

Motley Rice, LLP
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
Telephone: (842) 216-9000
Facsimile: (843) 216-9450

Attention: Donald A. Migliori, Esq.

***WD/PI Plaintiffs' Liaison Counsel***

Kreindler & Kreindler
100 Park Avenue
New York, New York 10017-5590
Telephone: (212) 687-8181
Facsimile: (212) 972-9432

Attention: Marc S. Moller, Esq.

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

Anoushka Bayley, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in New York, New York and that on the 12th day of May 2008, deponent served the within **ANSWER TO PLAINTIFFS' COMPLAINT** upon:

1.  Keith E. Harris – Plaintiffs' Counsel;
2.  Richard A. Williamson – Plaintiffs' Counsel & Ground Defendants' Liaison Counsel;
3.  Brad Stein – Plaintiff's Counsel & Ground Defendants' Liaison Counsel;
4.  Desmond T. Barry, Jr. – Aviation Defendants' Liaison Counsel;
5.  Marc S. Moller – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
6.  Robert A. Clifford – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
7.  Beth D. Jacobs – WTC 7 Ground Defendants' Liaison Counsel;
8.  Donald A. Migliori – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
9.  Beth Goldman – U.S. Attorneys' Office; and
10. All Aviation Defendants

by emailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

**Anoushka Bayley**

Sworn to before me this
12h day of May 2008

Notary Public

DOMINIC CURCIO
Notary Public, State of New York
No. 02CU600832
Qualified in Queens County
Commission Expires May 10, 20___