UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
IN RE SEPTEMBER 11, 2001 LITIGATION    :    21 MC 101 (AKH)
                                                            :    08 CV 3700
------------------------------------------------------------x

**ANSWER OF DEFENDANT COLGAN AIR, INC. TO
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, WTC RETAIL LLC,
AND THE PORT AUTHORITY TRANS-HUDSON CORPORATION'S COMPLAINT**

Defendant Colgan Air, Inc. (hereinafter referred to as "Colgan") by way of Answering Plaintiffs, The Port Authority of New York and New Jersey (the "Port Authority"), WTC Retail LLC ("WTCR"), and The Port Authority Trans-Hudson Corporation ("PATH") (hereinafter collectively referred to as "The Port Authority"), herein states the following:

**THE PARTIES**

1. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 1 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

2. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 2 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

3. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 3 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

3. (This Paragraph was misnumbered in the Complaint.) Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 3 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

1946147-01

4. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 4 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

5. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 5 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

6. Colgan admits that it is a corporation organized under the laws of Virginia with its principal place of business in Manassas, Virginia.

7. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 7 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

8. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 8 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

9. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 9 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

10. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 10 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

11. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 11 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

12. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 12 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

13. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 13 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

14. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 14 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

15. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 15 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

16. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 16 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

**JURISDICTION AND VENUE**

17. The statements contained in Paragraph 17 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied. Colgan leaves all questions of law to the Court to decide.

18. The statements contained in Paragraph 18 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed. To the extent that the statements are

deemed to plead facts relating to Colgan, they are denied. Colgan leaves all questions of law to the Court to decide.

### CLAIM ONE FOR NEGLIGENCE
### AGAINST ALL DEFENDANTS
### EXCEPT BOEING

19. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

20. The allegations of Paragraph 20 of the Complaint are denied as to Colgan.

(The Complaint did not contain Paragraphs 21 or 22.)

23. Colgan admits that it was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire and that it had a duty to conduct its operations in accordance with federal aviation laws and regulations, and that it complied with federal requirements in the conduct of its business. The remaining allegations of Paragraph 23 are denied. Colgan leaves all questions of law to the Court to decide.

24. The allegations in Paragraph 24 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 24 of the Complaint on which to form a basis to admit or deny those allegations.

25. Colgan admits that it is a common carrier engaged in the business of transporting passengers by air and operated regularly scheduled flights to and from Logan Airport. The remaining allegations in Paragraph 25 are not directed to Colgan and, therefore, no response is interposed thereto.

26. Colgan admits that on September 11, 2001, Colgan operated Flight 5930 as a regularly scheduled passenger flight from Portland Jetport to Logan Airport, with the knowledge

and consent of US Airways. Colgan denies the remaining allegations of Paragraph 26. Colgan leaves all questions of law to the Court to decide.

27. The allegations of Paragraph 27 of the Complaint are denied as to Colgan.

28. The allegations of Paragraph 28 of the Complaint are denied as to Colgan.

29. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 29 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

30. The allegations of Paragraph 30 are denied as to Colgan, except Colgan admits that it was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate Flight 5930 and that it had a duty to operate Flight 5930 in accordance with federal aviation laws and regulations. Colgan leaves all questions of law to the Court to decide.

31. The allegations of Paragraph 31 of the Complaint are denied as to Colgan.

32. The allegations of Paragraph 32 of the Complaint are denied as to Colgan.

**CLAIM TWO FOR NEGLIGENCE AGAINST
ALL DEFENDANTS EXCEPT BOEING AND
THE SECURITY COMPANY DEFENDANTS**

33. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

34. The allegations of Paragraph 34 are denied as to Colgan, except Colgan admits that it was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate Flight 5930 and that it had a duty to operate Flight 5930 in

accordance with federal aviation laws and regulations. Colgan leaves all questions of law to the Court to decide.

35. The allegations of Paragraph 35 of the Complaint are denied as to Colgan.

36. The allegations in Paragraph 36 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 36 of the Complaint on which to form a basis to admit or deny those allegations.

37. The allegations of Paragraph 37 of the Complaint are denied as to Colgan.

38. The allegations of Paragraph 38 of the Complaint are denied as to Colgan.

### CLAIM THREE BASED ON *RES IPSA LOQUITUR* AGAINST ALL DEFENDANTS EXCEPT BOEING

39. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

40. The allegations of Paragraph 40 of the Complaint are denied as to Colgan.

41. The allegations of Paragraph 41 of the Complaint are denied as to Colgan.

42. Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 42 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

### CLAIM FOUR BASED ON STRICT LIABILITY AGAINST BOEING, AMERICAN AND AMR

43. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

44. The allegations in Paragraph 44 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 44 of the Complaint on which to form a basis to admit or deny those allegations.

45. The allegations in Paragraph 45 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 45 of the Complaint on which to form a basis to admit or deny those allegations.

46. The allegations in Paragraph 46 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 46 of the Complaint on which to form a basis to admit or deny those allegations.

47. The allegations in Paragraph 47 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 47 of the Complaint on which to form a basis to admit or deny those allegations.

48. The allegations in Paragraph 48 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 48 of the Complaint on which to form a basis to admit or deny those allegations.

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

49. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

50. The allegations in Paragraph 50 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 50 of the Complaint on which to form a basis to admit or deny those allegations.

51. The allegations in Paragraph 51 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 51 of the Complaint on which to form a basis to admit or deny those allegations.

52. The allegations in Paragraph 52 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 52 of the Complaint on which to form a basis to admit or deny those allegations.

53. The allegations in Paragraph 53 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 53 of the Complaint on which to form a basis to admit or deny those allegations.

54. The allegations in Paragraph 54 are not directed to Colgan, and therefore, no response is interposed thereto. To the extent these allegations are deemed to be directed to

Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 54 of the Complaint on which to form a basis to admit or deny those allegations.

## CLAIM FOR CONTRIBUTION AGAINST ALL DEFENDANTS

55. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

56. The allegations of Paragraph 56 of the Complaint are denied as to Colgan.

## CLAIM FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

57. Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

58. The allegations of Paragraph 58 of the Complaint are denied as to Colgan.

59. The allegations of Paragraph 59 of the Complaint are denied as to Colgan.

60. The allegations of Paragraph 60 of the Complaint are denied as to Colgan.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent plaintiffs' Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter law.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal and/or negligent acts of third parties who were not under the care, custody,

control, or supervision of Colgan; therefore, Colgan cannot be held liable for the plaintiffs' alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training procedures and in-flight security which plaintiffs allege that Colgan violated. Colgan's compliance with these federal standards precludes a finding of liability against it.

### FIFTH AFFIRMATIVE DEFENSE

Any of plaintiffs' claims that relate to rates, routes, and services provided by Colgan are expressly preempted by 49 U.S.C. §41713.

### SIXTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than Colgan and for whom Colgan is not responsible; therefore, Colgan is not liable to plaintiffs or, in the alternative, Colgan's liability to plaintiffs, if any, should be reduced in accordance with applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs lack capacity and/or standing to maintain this action.

### EIGHTH AFFIRMATIVE DEFENSE

The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Colgan, its agents, or employees.

## NINTH AFFIRMATIVE DEFENSE

Colgan is not liable to plaintiffs because Colgan complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by plaintiffs, if any, should be reduced by any collateral source payment that has been

or will be paid to plaintiffs in accordance with applicable state law as may be derived by this Court from applicable state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Colgan's liability, if any, must be limited in accordance with the applicable state law as may be derived by this Court from applicable state law to the equitable share of its fault, if any, in relation to the relative culpability of each and every party or non-party causing or contributing to the total liability claimed by plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable against Colgan must be reduced in accordance with the applicable state law as may be derived by this Court from applicable state law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs have filed claims with the "September 11th Victims Compensation Fund of 2001," plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashed of September 11, 2001.

### SIXTEENTH AFFIRMATIVE DEFENSE

Since Colgan was not in actual possession or control of the aircraft at the time of the crash, Colgan's liability is limited by the provisions of 49 U.S.C.A. § 44112 (2002).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of total damages recoverable from Colgan to the limit of its available liability insurance coverage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and all causes of action therein should be dismissed on the ground that plaintiffs have failed to join all necessary and indispensable parties.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by Colgan; therefore, Colgan owed no duty to plaintiffs as a matter of law and cannot be held liable for plaintiffs' alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Colgan's liability is limited by all applicable affirmative defenses as may be derived by this Court from applicable state law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claims against Colgan based on alleged apparent authority should be dismissed because there was no reliance on such authority and no proximate causation between apparent authority and any damages sustained.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Colgan owned no legal duty to plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Colgan is not liable to plaintiffs because no evidence exists to prove that any passenger carried weapons or other restricted items aboard Flight 5930, or there were any disturbances aboard that aircraft.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Colgan is not liable to plaintiffs because any passenger leaving Flight 5930, before boarding American Flight 11, necessarily had to pass out of a secured area, rejoin the general population in non-secure areas, and then pass through a security checkpoint at Pier A of Terminal B at Logan Airport. Colgan did not operate out of, or exercise custody or control over, Pier A of Terminal B of Logan Airport or the security checkpoint servicing American Airlines' flights, including American Flight 11.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Colgan had no statutory, contractual or customary duty to provide security screening at the security checkpoints exclusively serving its competitors or for the screening of its competitors' passengers.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Colgan was not responsible for and had no control over security before or aboard American Flight 11.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Colgan breached no duty allegedly owed to plaintiffs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Colgan reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part due to insufficiency of service of process.

### THIRTIETH AFFIRMATIVE DEFENSE

Colgan had neither exclusive control nor management over any aircraft which was hijacked, airport or security system and, therefore, the plaintiffs' claims based upon legal theory of res ipsa loquitur fail to state a cause of action upon which relief may be granted.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs, either all or some of them, failed to meet the applicable standards under state and federal laws which define proper plaintiff status and, therefore, should be barred from recovery.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Colgan hereby incorporates all or some of the Separate Defenses raised by each other aviation defendant as though more fully set forth herein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Colgan is not guilty of negligence per se.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The hijacking of the subject aircraft could and did occur from causes other than the negligence of Colgan, and therefore, plaintiffs' claims based upon legal theory of res ipsa loquitor fail to state a cause of action upon which relief can be granted.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by an act of war.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the state secrets doctrine.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed to the extent that relevant evidence required by Colgan to mount its defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages to the extent plaintiffs have failed to mitigate damages.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages to the extent those damages are inflated, duplicative or otherwise improper.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages to the extent those damages were caused or contributed by the acts or omissions of public authorities acting under color of law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages, if any in excess of the lesser of (1) the cost of restoring the alleged damaged or destroyed property to its original condition, or (2) the diminution in market value caused by Colgan's alleged negligence.

## FORTY-FORTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages in respect of property damage incurred as a result of debris, fire, soot, smoke or water, to the extent that the allegedly damaged property was not adjacent to property struck by aircraft on September 11, 2001.

WHEREFORE, Colgan demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

## DESIGNATION OF TRIAL COUNSEL

Defendant, Colgan Air, Inc. hereby designates Jeffrey W. Moryan, Esq., as trial counsel in the above-captioned matter.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other matter pending in any court or arbitration proceeding, and that no such action or arbitration proceeding is contemplated.

CONNELL FOLEY LLP
888 Seventh Avenue, Suite 3401
New York, New York 10106
(212) 262-2390
Attorneys for Defendant, Colgan Air, Inc.

By: _____
JEFFREY W. MORYAN (JM 5681)
JONATHAN P. MCHENRY (JM 8082)

Dated: New York, New York
       May 12, 2008

1946147-01                              18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
IN RE SEPTEMBER 11, 2001 LITIGATION           :   21 MC 101 (AKH)
                                              :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY   :
                      : SS.:
COUNTY OF ESSEX       :

I, Laurie B. Kachonick, hereby certify that on May 12, 2008, a copy of the Answer of Defendant Colgan Air, Inc. to Plaintiffs', The Port Authority of New York and New Jersey, WTC Retail LLC, and The Port Authority Trans-Hudson Corporation, Complaint was served via electronic mail, pursuant to the Court's March 10, 2005 Order, upon the following:

1. Keith E. Harris, Esq. – Counsel for Plaintiffs, The Port Authority of New York and New Jersey, WTC Retail LLC, and The Port Authority Trans-Hudson Corporation;
2. Marc S. Moller, Esq. and Brian J. Alexander, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3. Donald A. Migliori, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel
4. Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
5. Richard Williamson, Esq. and M. Bradford Stein, Esq. – Ground Defendants' Liaison Counsel;
6. Desmond T. Barry, Esq. – Aviation Defendants' Liaison Counsel;
7. Beth D. Jacob, Esq. – WTC 7 Ground Defendants' Liaison Counsel; and
8. Beth Goldman, Esq. and Sarah S. Normand, Esq. – U.S. Attorneys' Office

_____
Laurie B. Kachonick

Sworn and subscribed to before me
on this 12th day of May, 2008.

_____
Notary Public

**DAWN M. BADALAMENTI**
A Notary Public of New Jersey
My Commission Expires AUGUST 22, 2011

1946432-01