UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

IN RE SEPTEMBER 11, 2001 LITIGATION

:    21 MC 101 (AKH)
:    Civil Action No. 08 Civ. 3700
:

-----------------------------------------------------------------------x

---

**ANSWER OF DEFENDANT CONTINENTAL AIRLINES, INC., TO THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, WTC RETAIL, LLC. AND THE PORT AUTHORITY TRANS-HUDSON CORPORATION'S COMPLAINT AGAINST CERTAIN DEFENDANTS RECASTING THEIR CROSS-CLAIMS IN THE AMERICAN FLIGHT 11 MASTER LITIGATION**

---

Defendant, Continental Airlines, Inc. ("Continental"), by and through its counsel LeClairRyan, hereby responds to the Complaint which recasts the cross-claims asserted by Defendants/Cross-Claim Plaintiffs The Port Authority of New York and New Jersey's, WTC Retail LLC, and The Port Authority Trans-Hudson Corporation's (collectively referred to as the "The Port Authority Cross-Claim Plaintiffs", unless necessary to distinguish) as follows:

<u>**THE PARTIES**</u>

1–9.    Continental lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1-9 of the Complaint and, therefore, leaves The Port Authority Cross-Claim Plaintiffs to their proof thereof.

10    Continental admits the allegations contained in paragraph 10 of the Complaint.

11-16.    Continental lacks information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11-16 of the Complaint and, therefore, leaves the WTCP Cross-Claim Plaintiffs to their proof thereof.

4313050-1

## JURISDICTION

17.    The statements contained in Paragraph 17 of the Complaint are not allegations of fact, which do not require a response. Continental hereby leaves all questions of law to the Court to decide.

18,    The statements contained in Paragraph 18 of the Complaint are not allegations of fact but rather conclusions of law, which do not require a response. Continental hereby leaves all questions of law to the Court to decide.

20-31.    Continental lacks information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20-31 of the Complaint and, therefore, leaves the WTCP Cross-Claim Plaintiffs to their proof thereof.

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

19.    Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–18 of the Complaint as if fully set forth at length herein.

20.    To the extent that the allegations contained in Paragraph 20 of the Complaint are not allegations of fact but rather conclusions of law, no response is necessary, and Continental leaves all questions of law to the Court to decide. However, to the extent that any responsive pleading is required, Continental denies the remaining allegations of this paragraph insofar as they relate to it in the context of the American Flight 11 Master Litigation.

23.    To the extent that the allegations contained in Paragraph 23 [sic] of the Complaint are not allegations of fact but rather conclusions of law, no response is necessary, and Continental leaves all questions of law to the Court to determine. However, to the extent that any responsive pleading is required, Continental denies the remaining allegations set forth in this paragraph in the context of the American Flight 11 Master Litigation.

24.     The allegations contained in paragraph 24 of the Complaint are not directed to Continental; therefore, no response is necessary.  To the extent that a response is necessary, Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, leaves The Port Authority Cross-Claim Plaintiffs to their proof thereof.

25.     The allegations contained in paragraph 25 of the Complaint are not directed to Continental; therefore, no response is necessary.  To the extent that a response is necessary, Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, leaves The Port Authority Cross-Claim Plaintiffs to their proof thereof.

26.     The allegations contained in paragraph 26 of the Complaint are not directed to Continental; therefore, no response is necessary.  To the extent that they are directed at Continental, it denies same in the context of the American Flight 11 Master Litigation.

27.     To the extent the allegations contained in paragraph 27 are not directed to Continental; therefore, no response is necessary.  Continental leaves all questions of law to the Court to decide.

28.     To the extent that the allegations contained in paragraph 28 of the Complaint are directed to Continental, it denies same in the context of the American Flight 11 Master Litigation as American Flight 121 was not its aircraft or flight, therefore, no response is necessary.

29.     To the extent the allegations of paragraph 29 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

30.    To the extent the allegations contained in paragraph 30 of the Complaint are directed to Continental, they are denied in the context of the American Flight 11 Master Litigation.

31.    To the extent the allegations contained in paragraph 31 of the Complaint are directed to Continental, they are denied in the context of the American Flight 11 Master Litigation.

32.    To the extent the allegations contained in paragraph 32 of the Complaint are directed to Continental, they are denied in the context of the American Flight 11 Master Litigation.

**CLAIM TWO FOR NEGLIGENCE AGAINST
ALL DEFENDANTS EXCEPT BOEING AND
THE SECURITY COMPANY DEFENDANTS**

33.    Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–32 of the Complaint as if fully set forth at length herein.

34.    To the extent the allegations contained in paragraph 34 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

35.    To the extent the allegations contained in paragraph 35 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

36.    To the extent the allegations contained in paragraph 36 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

37.    To the extent the allegations contained in paragraph 37 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

38.    To the extent the allegations contained in paragraph 38 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

## CLAIM THREE BASED ON THE RES IPSA LOQUITOR AGAINST ALL DEFENDANTS EXCEPT BOEING

39.    Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–38 of the Complaint as if fully set forth at length herein.

40.    To the extent the allegations contained in paragraph 40 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

41.    To the extent the allegations contained in paragraph 41 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

42.    To the extent the allegations contained in paragraph 42 of the Complaint are directed at Continental, they are denied in the context of the American Flight 11 Master Litigation.

## CLAIM FOUR BASED ON STRICT LIABILITY AGAINST DEFENDANTS BOEING. AMERICAN AND AMR

43.    Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–42 of the Complaint as if fully set forth at length herein.

44–48. The allegations contained in paragraphs 44–48 of the Complaint are not directed at Continental; therefore, no response is necessary.

### CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST DEFENDANTS BOEING. AMERICAN AND AMR

49.     Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–48 of the Complaint as if fully set forth at length herein.

50–54  The allegations contained in paragraphs 50–54 of the Complaint are not directed as Continental, therefore, no response is necessary.

### CLAIM SIX  FOR CONTRIBUTION AGAINST DEFENDANTS

55.     Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–54 of the Complaint as if fully set forth at length herein.

56.     Continental denies the allegations contained in paragraph 56 of the Complaint.

### CLAIM SEVEN FOR INDEMNIFICATION AGAINST DEFENDANTS

57.     Continental repeats and realleges its responses to the allegations contained in Paragraphs 1–56 of the Complaint as if fully set forth at length herein.

58-60.  Continental denies the allegations contained in paragraph 58-60 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs have failed to state a claim against defendant Continental upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Continental did not have custody or control of the area at issue in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified as 49 U.S.C. 1301, *et. seq.,* now recodified and incorporated into 49 U.S.C. 40101, *et. seq.,* together with the amendments to same and the regulations promulgated thereunder in effect on September 11, 2001, established the uniform and exclusive standards that must be followed with respect to aviation safety and security and such implicitly preempts state common law or statutory standards purporting to govern same.

## FOURTH AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent that The Port Authority Cross-Claim Plaintiffs' complaint asserts a cause of action other than that provided for by the aforesaid legislation, such cause of action must be dismissed as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs have failed to join all necessary and indispensable parties and, therefore, complete relief cannot be accorded to those who are already parties to this action and, therefore, plaintiffs' action must by dismissed as The Port Authority Cross-Claim Plaintiffs' failure to join all indispensable parties will result in prejudice to defendant Continental.

## SIXTH AFFIRMATIVE DEFENSE

If The Port Authority Cross-Claim Plaintiffs intend to assert that common law or statutory law of the individual states requires air carriers to implement security procedures that are different from the obligations imposed by the aforestated federal statutes and regulations, that

claim must be dismissed since it would constitute an unconstitutional burden on interstate air commerce.

### SEVENTH AFFIRMATIVE DEFENSE

If The Port Authority Cross-Claim Plaintiffs sustained or suffered damages as alleged in the Complaint, such damages were sustained by reason of the negligence or other culpable conduct of person(s) or entities over whom defendant Continental exercised no control or supervision, and not by reason of any negligent or culpable conduct of defendant Continental.

### EIGHTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' state law claims, if any, are preempted by the federal common law applicable to federally certified air carriers and by 49 U.S.C. § 41713.

### NINTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR 4545.

### TENTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' recovery, if any, shall be reduced and/or subject to equitable apportionment under CPLR Article 16.

### ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to its tariff on file with the Department of Transportation of the United States, defendant Continental's liability, if any, is partial only and limited.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages allegedly sustained by The Port Authority Cross-Claim Plaintiffs were not proximately caused or contributed to by any act or culpable conduct by or on behalf of Continental.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' alleged injuries or damages were caused and brought about by an intervening and superseding cause and were not caused by Continental or by any person for whom Continental is or was responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety And System Stabilization Act, as amended by Public Law 107-71, The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent The Port Authority Cross-Claim Plaintiffs' Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of Continental; therefore, Continental cannot be held liable for plaintiffs' alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, maintenance, inspection, and flight crew training procedures which The Port Authority Cross-Claim Plaintiffs allege that Continental violated.

Continental's compliance with these federal standards preclude a finding of liability against them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any of The Port Authority Cross-Claim Plaintiffs' claims that relate to rates, routes, and services provided by Continental are expressly preempted by 49 U.S.C. §41713.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the negligence of parties other than Continental and for whom Continental is not responsible; therefore, Continental is not liable to The Port Authority Cross-Claim Plaintiffs or, in the alternative, Continental's liability to The Port Authority Cross-Claim Plaintiffs, if any, should be reduced in accordance with applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs and/or the decedents' next of kin named as claimants in the Complaint lack capacity and/or standing to maintain this action.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Continental, their agents, or employees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Continental is not liable to The Port Authority Cross-Claim Plaintiffs because Continental complied with all applicable government regulations in effect at the time of the events described in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different

from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act, as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiffs in accordance with Section 4545(c) of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from applicable state law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Continental's liability, if any, must be limited in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from applicable state law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if The Port Authority Cross-Claim Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for The Port Authority Cross-Claim Plaintiffs' damages, the amount recoverable against Continental must be reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from applicable state law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act, as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the total amount of punitive damages The Port Authority Cross-Claim Plaintiffs may recover, if any, is limited in accordance with applicable state law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act, as amended by Public Law 107-71, The Aviation and Transportation Security Act," damages for conscious pain and suffering of the decedents are barred by applicable state law or

in accordance with such similar or counterpart principles as may be derived by this Court from applicable state law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if a claim on behalf of The Port Authority Cross-Claim Plaintiffs' decedents has been filed with the "September 11th Victims Compensation Fund of 2001, The Port Authority Cross-Claim Plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

### THIRTIETH AFFIRMATIVE DEFENSE

Since Continental was not in actual possession or control of the aircraft at the time of the crash, and since its aircraft was not involved in the crash, its liability is non-existent or limited pursuant to 49 U.S.C.A. §44112, if applicable, and/or other applicable laws.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of damages recoverable from Continental to Continental's liability insurance coverage.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Continental's aircraft, flights, personnel, passengers and operations were not involved in the terrorist-related aircraft crashes of September 11, 2001. The Complaint and all causes of action therein should be dismissed on the ground that The Port Authority Cross-Claim Plaintiffs have failed to join all necessary and indispensable parties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law because the standards for determining liability for punitive damages and the standards for determining the amount of punitive damages in the applicable state's law are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious, excessive and disproportionate punishment that serves no legitimate government interest.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law because that state's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon a theory of respondeat superior without proof that an officer, director or managing agent of the company acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of joint and several liability for punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to United States Constitution and of applicable state law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the applicable state's Constitution, if any.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law.

### FORTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the The Port Authority Cross-Claim Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case pursuant to applicable state law to punish defendants for conduct that occurred outside of that state would violate the Due Process Clauses

of the Fifth and Fourteenth Amendments to the United States Constitution and of applicable state law, as well as the Commerce Clause of the United States Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in* note following 49 U.S.C.A. §40105 (1997), as amended by the Protocol Done at The Hague on 28 September 1955, or the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 as amended by Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw on 12 October 1929 as amended by the Protocol Done at The Hague on 28 September 1955 (Sept. 25, 1975), *reprinted in* S. Exec. Rep, No. 105-20 pp. 21-32 (1998) (hereinafter referred to as the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Continental's liability, if any, is limited in accordance with the provisions of the Warsaw Convention, relevant contracts of carriage and tariff, the provisions of the Agreement on Measures to Implement the IATA Intercarrier Agreement ("MIA"), and the Air Transport Association of America Provisions Implementing the LATA Intercarrier Agreement to be Included in Conditions of Carriage and Tariffs ("IPA").

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of the MIA, the IPA, the applicable contract of carriage and tariff, and Article 20 of the Warsaw Convention, Continental's liability, if any, is limited because Continental and their servants and agents took all necessary measures to avoid the damage or it was impossible for them to take such measures.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Pursuant to the Warsaw Convention, punitive damages are not recoverable in this action as a matter of law.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Continental reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Continental adopts and incorporates the separate defenses of any and all other defendants to this litigation.

## FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent that The Port Authority Cross-Claim Plaintiffs' claims are barred by applicable statute of limitations, they must be dismissed.

## FIFTIETH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs are barred from recovery of alleged damages, if any, in excess of the lesser of (1) the cost of restoring the alleged damages or destroyed property to its original condition, or (2) the diminution in market value caused by Continental's alleged negligence.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs are barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs are barred from recovery of alleged damages to the extent The Port Authority Cross-Claim Plaintiffs have failed to mitigate damages.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs are barred from recovery of alleged damages to the extent those damages are inflated, duplicative, or otherwise improper.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

The alleged damages complained were caused by the negligence or intentional misconduct of parties other than Continental and for whom Continental is not responsible, therefore, Continental is not liable to The Port Authority Cross-Claim Plaintiffs, or in the alternative, Continental's liability to The Port Authority Cross-Claim Plaintiffs, if any, should be reduced in accordance with applicable law.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs alleged damages were remote and not reasonably foreseeable consequence of any alleged conduct by Continental; therefore, Continental owed no duty to The Port Authority Cross-Claim Plaintiffs as a matter of law and cannot be held liable for The Port Authority Cross-Claim Plaintiffs' alleged damages.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Any claims against Continental based on alleged apparent authority should be dismissed because there was not reliance on such authority and no proximate causations between apparent authority and any damages sustained.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Continental has no statutory, contractual or customary duty to provide security screening at the security checkpoints exclusively serving its competitors or of the screening of its competitor's passengers.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Continental was not responsible for and had no control over security before or aboard Colgan Flight 5930 or American Flight 11.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Continental had neither exclusive control or management over any aircraft which were hijacked or used to transport terrorists, airport or security systems and, therefore, the The Port Authority Cross-Claim Plaintiffs' claims based upon legal theory of res ipsa loquitur fail to state a cause of action upon which relief may be granted.

## SIXTIETH AFFIRMATIVE DEFENSE

The hijacking of the subject aircraft could and did occur from causes other than the negligence of Continental, and therefore, The Port Authority Cross-Claim Plaintiffs' claims based upon legal theory of res ipsa loquitur fail to state a cause of action upon which relief may be granted.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' claims are based by an act of war.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' claims are barred by the state secrets doctrine.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed to the extent that relevant evidence required by Continental to mount its defense is prohibited from disclosure by 14 C.F.R. §1520 et seq. as Sensitive Security Information.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs are barred from recovery of alleged damages in respect to property damage incurred as a result of debris, fire, soot, smoke or water, to the extent that the alleged damaged property was not adjacent to property struck by aircraft on September 11, 2001.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

The Port Authority Cross-Claim Plaintiffs' damages are barred and/or reduced by the dismissal as a matter of law of the United Flight 175 Cross-Claims.

**WHEREFORE,** defendant Continental demands judgment dismissing the Complaint, together with all costs, fees, attorneys' fees, disbursements, and such other relief as the Court deems equitable and just.

## <u>DEISGNATION OF TRIAL COUNSEL</u>

Defendant, Continental Airlines, Inc., hereby designates Peter B. Van Deventer, Jr. Esq.

as trial counsel.

Dated: New York, New York
        May 21, 2008

                        Yours, etc.

                        LeCLAIRRYAN
                        Attorneys for Defendant
                        CONTINENTAL AIRLINES, INC.

By: _____
                        Peter B. Van Deventer, Esq. (PV 2353)
                        Douglas H. Amster, Esq. (9965)
                        830 Third Avenue, 5th Fl.
                        New York, New York 10022
                        Telephone 212-446-5000
                        Facsimile  212-446-5055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                      :

IN RE SEPTEMBER 11, 2001 LITIGATION   :     21 MC 97 (AKH)
                      :     Civil Action No. 08 Civ. 3700

-------------------------------------------------------X

### AFFIDAVIT OF SERVICE

STATE OF NEW EJRSEY   :
                     : ss.:
COUNTY OF ESSEX      :

     I, Douglas H. Amster, hereby certify that on May 21, 2008, a copy of the Answer of Defendant, Continental Airlines, Inc. to Plaintiffs' The Port Authority of New York and New Jersey, WTC Retail, LLC and The Port Authority Trans-Hudson Corporation, American Flight 11 Complaint was served via electronic mail, pursuant to the Court's March 10, 2005 Order, upon the following:

1.    Keith e. Harris, Esq. - Counsel for Plaintiffs, The Port Authority of New York and New Jersey, WTC Retail LLC, and the Port authority Trans-Hudson Corporation;
2.    Marc S. Moller, Esq. and Brian J. Alexander, Esq. - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3.    Donald A. Migliori, Esq. - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
4.    Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. - Property Damage and Business Loss Plaintiffs' Liaison Counsel;
5.    Richard Williamson, Esq. and M. Bradford Stein, Esq. - Ground Defendants' Liaison Counsel;
6.    Desmond T. Barry, Esq. - Aviation Defendants' Liaison Counsel;
7.    Beth D. Jacob, Esq. - WTC7 Ground Defendants' Liaison Counsel; and
8.    Beth Goldman, Esq. and Sarah S. Normand, Esq. - U.S. Attorneys' Office

                                         Douglas H. Amster

Sworn and subscribed to before me
on this 21st day of May, 2008.

_____
          Notary Public

LOIS O'BRIEN
A Notary Public of New Jersey
My Commission Expires JANUARY 16, 2012

4312922-1