UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IN RE SEPTEMBER 11 LITIGATION

-----------------------------------------------------------X
THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, WTC RETAIL LLC AND THE PORT
AUTHORITY TRANS-HUDSON CORPORATION,
                                    Plaintiffs,

                    v.

AMERICAN AIRLINES, INC., AMR
CORPORATION, UAL CORPORATION, UNITED
AIRLINES, MASSACHUSETTS PORT
AUTHORITY, THE BOEING COMPANY, COLGAN
AIR INC., US AIRWAYS GROUP, INC.,US
AIRWAYS, INC., DELTA AIR LINES, INC.,
CONTINENTAL AIRLINES, INC., MIDWAY
AIRLINES, HUNTLEIGH USA CORPORATION,
ICTS INTERNATIONAL, N.V., BURNES
INTERNATIONAL SECURITY SERVICES
CORPORATION, BURNS INTERNATIONAL
SERVICES CORPORATION, PINKERTON'S INC.,
AND SECURITAS AB,

                                    Defendants.
-----------------------------------------------------------X

21 MC 101 (AKH)

This Document Relates to: All Cases

**MIDWAY AIRLINES CORP.'S
ANSWER TO PORT AUTHORITY'S
FLIGHT 11 COMPLAINT**

Defendant, Midway Airlines Corporation ("Midway") i/s/h/a/ Midway Airlines, by its

attorneys, Gallagher Gosseen Faller & Crowley, objects to the Complaint of The Port Authority

of New York and New Jersey (the "Port Authority"), WTC Retail LLC ("WTCR") and The Port

Authority Trans-Hudson Corporation ("PATH") (hereinafter collectively referred to as "The Port

Authority") to the extent that it does not comply with the Order of the Honorable Alvin K.

Hellerstein, dated March 18, 2008, which transferred The Port Authority's cross-claims from the

21 MC 97 docket ro the 21 MC 101 docket and granted The Port Authority leave to amend its

cross-claims "solely to recast them as direct claims." Subject to and without waiving said objection, Midway sets forth the following as and for its Answer to The Port Authority's Complaint:

## THE PARTIES

First:  Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "1", "2", "3", misnumbered "3", "4", "5", "6", "7", "8", "9" and "10" of the Complaint.

Second:   Midway denies each and every allegation set forth in the paragraph numbered "11," except admits that on or about September 11, 2001 Midway was a corporation organized and existing under the laws of Delaware, with its principal place of business in North Carolina.

Third:  Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "12", "13", "14", "15" and "16".

## JURISDICTION AND VENUE

Fourth:  Midway denies each and every allegation set forth in the paragraphs numbered "17" and "18" of the Complaint and respectfully refers all matters of law set forth therein to the Court, except Midway admits that Public Law 107-42, "The Air Transportation Safety and System Stabilization Act" established that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claims resulting from or relating to the terrorist related crashes of September 11, 2001."

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

Fifth:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "19" with the same force and effect as if set forth herein at length.


Sixth:   Midway denies each and every allegation set forth in the paragraph numbered "20" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court. (The Complaint did not contain paragraphs 21 or 22)


Seventh:   Midway denies each and every allegation set forth in the paragraph numbered "23" of the Complaint insofar as such allegations pertain to Midway, except admits that Midway was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire in accordance with federal aviation laws and regulations, and respectfully refers all matters of law to the Court.


Eighth:   Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "24", "25", "26" and "27" of the Complaint.


Ninth:   Midway denies each and every allegation set forth in the paragraph numbered "28" of the Complaint insofar as such allegations pertain to Midway.

Tenth:   Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "29" of the Complaint.

Eleventh:   Midway denies each and every allegation set forth in the paragraphs numbered "30" and "31" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court.

Twelfth:   Midway denies each and every allegation set forth in the paragraph numbered "32" of the Complaint.

## CLAIM TWO FOR NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT BOEING AND THE SECURITY COMPANY DEFENDANTS

Thirteenth:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "33" with the same force and effect as if set forth herein at length.

Fourteenth:   Midway denies each and every allegation set forth in the paragraph numbered "34" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court, except admits that Midway was required to operate its flights in accordance with Federal Aviation laws and regulations, implement security plans and/or procedures required by such regulations.

4

Fifteenth:  Midway denies each and every allegation set forth in the paragraphs numbered "35", "36", "37" and "38" of the Complaint insofar as such allegations pertain to Midway and refers all matters of law to the Court.

## CLAIM THREE BASED ON *RES IPSA LOQUITUR* ## AGAINST ALL DEFENDANTS EXCEPT BOEING

Sixteenth:  Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "39" with the same force and effect as if set forth herein at length.

Seventeenth:  Midway denies each and every allegation set forth in the paragraph numbered "40" of the Complaint insofar as such allegations pertain to Midway.

Eighteenth:  Midway denies each and every allegation set forth in the paragraphs numbered "41" and "42" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court.

## CLAIM FOUR BASED ON STRICT LIABILITY ## AGAINST BOEING, AMERICAN AND AMR

Nineteenth:  Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "43" with the same force and effect as if set forth herein at length.

5

Twentieth:  Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "44", "45", "46", "47" and "48".

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

Twenty-first:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "49" with the same force and effect as if set forth herein at length.

Twenty-second:   Midway denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "50", "51", "52", "53" and "54" of the Complaint.

## CLAIM FOR CONTRIBUTION AGAINST ALL DEFENDANTS

Twenty-third:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "55" with the same force and effect as if set forth herein at length.

Twenty-fourth:   Midway denies each and every allegation set forth in the paragraph numbered "56" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court.

6

### CLAIM FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

Twenty-fifth:   Midway repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "57" with the same force and effect as if set forth herein at length.

Twenty-sixth:   Midway denies each and every allegation set forth in the paragraph numbered "58" of the Complaint insofar as such allegations pertain to Midway.

Twenty-seventh:   Midway denies each and every allegation set forth in the paragraphs numbered "59" and ""60" of the Complaint insofar as such allegations pertain to Midway and respectfully refers all matters of law to the Court.

### ALL COUNTS

Twenty-eighth:   Any allegation in the Complaint directed towards Midway not expressly responded to above is denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Twenty-ninth:   The Port Authority's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Thirtieth:   The Port Authority Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under

7

the care, custody, control, or supervision of Midway; therefore, Midway cannot be held liable for plaintiffs' alleged damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Thirty-first:   The Port Authority Plaintiffs' alleged damages were not a reasonably foreseeable consequence of any alleged conduct by Midway; therefore, Midway owed no duty to plaintiffs as a matter of law and cannot be held liable for the Port Authority's alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Thirty-second:   The alleged damages complained of were caused by the intentional and/or negligent acts of parties other than Midway and for whom Midway is not responsible; therefore, Midway is not liable to The Port Authority or, in the alternative, Midway's liability to The Port Authority, if any, should be reduced in accordance with applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Thirty-third:   The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Midway, its agents, or employees.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Thirty-fourth:   Midway is not liable to The Port Authority's because Midway complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Thirty-fifth:   The Port Authority's claims based on common law or statutory law of the individual States requiring Midway to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act."

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Thirty-sixth:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act," recovery by The Port Authority, if any, should be reduced by any collateral source, including insurance, payment that has been or will be paid to The Port Authority, in accordance with New York's Civil Practices Law and Rules §4545(c) and applicable state law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Thirty-seventh:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Midway's liability, if any, must be limited to its proportionate share in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance

with such similar or counterpart principles as may be derived by this Court from applicable State law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Thirty-eighth:   Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if The Port Authority releases or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for The Port Authority's damages, the amount recoverable against Midway must be reduced in accordance with the applicable State law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Thirty-ninth:   Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the amount of total damages and/or settlement funds recoverable from Midway is limited to the amount of its available insurance coverage.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Fortieth:   The Port Authority's Complaint and all causes of action therein should be dismissed on the ground that plaintiffs have failed to join all necessary and indispensable parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Forty-first:   Midway's liability, if any, concerning damages derived from any agreement with the Security Company defendants or any other party for security services as a result of the events of September 11, 2001 regarding Flight 11 is limited to the contents of such agreement or agreements.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Forty-second:   Midway had no statutory, contractual or customary duty to provide passenger security screening at the security checkpoints for American Airlines.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Forty-third:   Midway was not responsible for and had no control over security aboard American Flight 11.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

Forty-fourth:   Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.  To the extent the Complaint asserts causes of action other than that provided  for by this legislation, those causes of action must be dismissed as a matter of law.

11

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Forty-fifth:   The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that airline carriers must follow for aviation safety and security and these federal standards preempt State law standards which The Port Authority alleges that Midway violated.  Midway's compliance with these federal standards precludes a finding of liability against it.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Forty-sixth:   Any of The Port Authority's claims that relate to rates, routes, and services provided by Midway is expressly preempted by 49 U.S.C. §41713.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Forty-seventh:   The Port Authority's claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred  since compliance with those State laws would constitute an unconstitutional burden on interstate air commerce.

12

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Forty-eighth:   Since Midway was not in actual possession or control of the aircraft at the time of the crash, Midway's liability is limited pursuant to 49 U.S.C.A. §44112 (2002).

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Forty-ninth:   Any claims against Midway based on alleged apparent authority should be dismissed because there was no reliance on such authority and no proximate causation between apparent authority and any damages sustained.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Fiftieth:   Midway had neither exclusive control or management over American Airlines Flight 11 or any of the airport security system at Logan International Airport, therefore plaintiffs' claims based upon the theory of *res ipsa loquitor* fails to state a cause of action upon which relief can be granted.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Fifty-first:   Plaintiffs' alleged damages were caused by an act of war.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Fifty-second:   Midway incorporates by reference some or all of the affirmative defenses raised by any of the aviation defendants in their Answer to this Complaint.

13

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Fifty-third:   The Port Authority lacks capacity and/or standing to maintain this action.


## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Fifty-fourth:   Midway owed no legal duty to the Port Authority.


## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Fifty-fifth:   Midway reserves the right to add affirmative defenses as necessary based no information obtained during investigation or discovery.


## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Fifty-sixth:   The Complaint is barred by the applicable statute of limitations.


## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Fifty-seventh:   To the extent that the Port Authority seeks to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.


## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Fifty-eighth:   The Port Authority's claims are barred by the state secrets doctrine.


## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Fifty-ninth: The Port Authority has failed to mitigate their damages.

14

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Sixtieth:   The Port Authority is barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Sixty-first:   To the extent the Port Authority's alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, Midway cannot be held liable for the Port Authority's alleged damages.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Sixty-second:   The Port Authority is barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by Midway's alleged negligence.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Sixty-third:   The Port Authority's recovery must be diminished, in whole or in part, as a result of their own negligence and/or other culpable conduct. *See* N.Y.C.P.L.R. §1411.

WHEREFORE Midway demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and

disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated:  Garden City, New York
        June 9, 2008

                                    **GALLAGHER GOSSEEN**
                                    **FALLER & CROWLEY**

                            By: _____
                                    **MICHAEL J. CROWLEY (MC/2821)**
                                    **JAMES A. GALLAGHER, JR. (JG/7597)**
                                    **JAMES F. GALLAGHER (JG/3256)**
                                    For the Firm
                                    Attorneys for Defendant
                                    **MIDWAY AIRLINES CORPORATION**
                                    1010 Franklin Avenue, Suite 400
                                    Garden City, NY 11530-2927
                                    (516) 742-2500

**SERVICE LIST**

TO:   Richard A. Williamson, Esq.
Brad Stein, Esq.
**FLEMMING ZULACK**
**WILLIAMSON ZAUDERER LLP**
One Liberty Plaza, 35th Floor
New York, New York 10006
(212) 412-9500
*Ground Defendants' Liaison Counsel*
***Via E-Mail***:  **rwilliamson@fzwz.com**
***Via E-Mail***:  **bstein@fzwz.com**

Marc S. Moller, Esq.
**KREINDLER & KREINDLER, LLP**
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 687-8181
*PI/WD Plaintiffs' Liaison Counsel*
***Via E-Mail***:  **mmoller@kreindler.com**

Robert A. Clifford, Esq.
**CLIFFORD LAW OFFICES**
120 North LaSalle Street, Suite 31
Chicago, Illinois 60602
(312) 899-9090
*PD/BL Plaintiffs' Liaison Counsel*
***Via E-Mail***:  **rac@cliffordlaw.com**

Desmond T. Barry, Jr., Esq.
**CONDON & FORSYTH LLP**
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
(212) 894-6770
*Aviation Defendants' Liaison Counsel*
***Via E-Mail***:  **dbarry@condonlaw.com**

Donald A. Migliori, Esq.
**MOTLEY RICE, LLP**
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
(842) 216-9000

*Via E-mail:* **dmigliori@motleyrice.com**

Beth D. Jacob, Esq.
**SCHIFF HARDIN LLP**
623 Fifth Avenue, 28th Floor
New York, New York 10022
(212) 753-5000
*7 World Trade Center Ground Defendants' Liaison Counsel*
*Via E-Mail*: **bjacob@schiffhardin.com**


Sarah S. Normand, Esq.
Beth Goldman, Esq.
Assistant U.S. Attorneys
Southern District of New York
**UNITED STATES DEPARTMENT OF JUSTICE**
86 Chambers Street
New York, New York 10007
(212) 637-2709
*Counsel for Intervenor*
*THE UNITED STATES OF AMERICA*
*Via E-Mail:* **sarah.normand@usdoj.gov**
*Via E-Mail:* **beth.goldman@usdoj.gov**



Keith E. Harris, Esq.
The Office of Milton H. Pacther, Esq.
225 Park Avenue South
New York, New York 10003
(212) 435-3437
*Plaintiff's Counsel*
*Via E-Mail:* kharris@panynj.gov

## AFFIDAVIT OF SERVICE
## VIA E-MAIL

**STATE OF NEW YORK**    )
                              ) ss.:
**COUNTY OF NASSAU**    )

Patricia Doller, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Levittown, New York.

On June 9, 2008 deponent served the within **MIDWAY AIRLINES CORPORATION'S ANSWER TO THE PORT AUTHORITY'S FLIGHT 11 COMPLAINT** upon:

1.  Keith Harris - Plaintiff's Counsel;
2.  Richard A. Williamson - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
3.  Brad Stein - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
4.  Desmond T. Barry - Aviation Defendant's Liaison Counsel;
5.  Marc S. Moller - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
6.  Robert A. Clifford - Property Damage and Business Loss Plaintiffs' Liaison Counsel;
7.  Beth D. Jacobs - WTC 7 Ground Defendants' Liaison Counsel;
8.  Donald A. Migliori - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
9.  Sarah Normand - U.S. Attorney's Office;
10. Beth Goldman - U.S. Attorney's Office; and

by emailing copies of the papers via the E-Mail addresses designated by said attorneys/parties for that purpose by transmitting a true copy of same by use of the World Wide Web through a designated Internet Provider Service, in accordance with the Court's March 10, 2005 Order.

_Patr Doller_

PATRICIA DOLLER

Sworn to before me this
10th day of June, 2008

_Barbara J Ferrara_

Notary Public

BARBARA G. FERRARA
Notary Public, State of New York
No. 01FE5057085
Qualified in Nassau County
Commission Expires _5/10/2010_

19